UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMIE COSENZA, on behalf of J.M.F., ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN COLVIN, COMMISSIONER ) <br> OF SOCIAL SECURITY, ) <br> ) <br>    Defendant. ) | No. 1:14-cv-01214-SLD-JEH |

ORDER

An Administrative Law Judge ("ALJ") at the Social Security Administration denied disability benefits to Jamie Cosenza's son in December 2012, and the Administration's Appeals Council affirmed that decision in April 2014. Proceeding without a lawyer and on behalf of her son, Cosenza filed this lawsuit in June 2014, seeking review of the Administration's final decision. See 42 U.S.C. § 405(g) ("Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . in [a] district court of the United States . . . .").

The Court assigned Cosenza's motion for summary judgment, ECF No. 10, and the Government's motion for summary affirmance of the Administration's decision, ECF No. 14, to Magistrate Judge Jonathan E. Hawley for determination. See 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(b)(1). Judge Hawley entered a recommended disposition to the motions, Report and Recommendation ("R & R"), ECF No. 17, which thoroughly analyzes the parties' arguments and proposes that the Court remand the case to the Administration for further proceedings. Neither Cosenza nor the Government objected to any portion of Judge Hawley's R & R. After reviewing

1

the parties' motions and the administrative record,[1] the Court ADOPTS Judge Hawley's R & R and REMANDS the case to the Administration with instructions to proceed in accordance with this Order.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(3).

**I. Standard of Review**

Section 405(g) provides for judicial review of a final decision of the Social Security Administration, but that review is deferential.  *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).  The Administration's decision must be affirmed if it was "supported by substantial evidence," *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009), which means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*  By way of metaphor, the Seventh Circuit has explained that courts "examine [an] ALJ's decision to determine whether it reflects a logical bridge from the evidence to the conclusions sufficient" to allow for "meaningful judicial review."  *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014).

If any party objects to part or all of a magistrate judge's recommended resolution of a dispositive motion, it must file those objections in writing "within 14 days after being served with a copy" of the magistrate judge's recommended disposition.  28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2).  Any objections must be resolved de novo by the district judge.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But if no party objects, the district judge reviews the magistrate judge's recommendation for clear error.  *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

---

[1] The administrative record appears on the docket as ECF No. 7.  Citations to the record take the form "AR [page number]."

## II. Analysis

### a. The Administration's decision

The ALJ in this case began her decision by stating the issues and applicable law, A.R. 14–15, and then wrote her findings of fact and conclusions of law, AR 17–31. The ALJ first found that the claimant was an adolescent, was not engaged in substantial gainful activity since the date he had applied for benefits, and had three "severe impairment[s]," including "learning disorder, asthma, and vitamin deficiencies." AR 17. The ALJ determined that the claimant "d[id] not suffer from a medically determinable impairment of autism, Asperger's, ODD or PDD." AR 19.

Next, the ALJ concluded that the claimant's "impairment or combination of impairments" was not severe enough to satisfy the requirements for a finding of disability contained in the Social Security regulations. AR 19–21. Similarly, the ALJ found that the claimant's "impairment or combination of impairments" did not impact the claimant's functional capabilities with the severity required by those regulations. AR 21–24. After analyzing the six "functional equivalence domains" listed by the regulations, as applied to the claimant, the ALJ decided that he lacked the impairment, or combination of impairments, required to support a finding of disability. AR 24–31. The ALJ concluded that the claimant was not disabled under the Social Security Act. AR 31.

### b. Cosenza's appeal and Judge Hawley's recommended disposition

Cosenza filed this civil action in which she appeals the Administration's denial of benefits; she challenges the ALJ's conclusion on four primary grounds. She contends that:

> 1) the ALJ showed bias and did not fully and fairly develop the record; 2) the ALJ improperly found that Asperger's syndrome and autism were not medically determinable impairments; 3) the ALJ did not substantially support her finding that the Claimant's impairments did not meet or medically or functionally equal Listing 112.02; and 4) the ALJ did not sufficiently explain why she did not give Cosenza's testimony any weight and the ALJ otherwise gave more weight to the wrong sources.

3

R & R 5.

In his thorough and carefully-considered recommendation, Judge Hawley addresses each of Cosenza's contentions after setting out the appropriate legal framework.  The R & R deals first with Cosenza's argument regarding the development of the record; it explains that Cosenza failed to identify a significant omission by the ALJ.  R & R 7.  Next, the R & R states that any error in the ALJ's discussion of autism-related disorders was harmless.  R & R 8–9.  The R & R finally notes that remand is not warranted based on Cosenza's assertion that the ALJ failed to give her testimony adequate weight because "the ALJ more than minimally articulated her reasons for finding as she did" regarding Cosenza's credibility.  R & R 16–17.

Before concluding, however, Judge Hawley identifies two reversible errors in the ALJ's decision-making process.  First, the ALJ simultaneously considered the claimant's medical and functional disabilities—analyses the regulations indicate should be undertaken separately.  R & R 13–14.  Second, the ALJ relied on ambiguous evidence or evidence that specifically did not state the proposition for which she cited it.[2]  *Id.* at 14–15.  Judge Hawley then sums up by recommending the Court grant Plaintiff's motion for summary judgment, deny the Commissioner's motion for summary affirmance, and remand the matter to the Administration with instructions.  *Id.* at 17.

Neither party has objected to Judge Hawley's recommendation, and now 14 days have elapsed since it was docketed.  Accordingly, the Court only reviews the R & R for clear error, and it can see none in light of the ALJ's written decision and the parties' briefing.  Judge Hawley identified the correct legal standards—including case law and the Social Security regulations— and despite the law's deference to the Administration's decisions found two reversible errors in

---

[2] Specifically, Judge Hawley identified as problematic the ALJ's reliance on Exhibit 16F, because of that document's ambiguity.  *See* R & R 14.

the ALJ's analysis. The Court agrees that the ALJ relied on evidence that is, at best, ambiguous, and also failed to undertake separate inquiries where the regulations call for them. Accordingly, the Court adopts Judge Hawley's recommended disposition as its own.

III. **Conclusion**

For the reasons offered above, the Court fully ADOPTS Judge Hawley's Report and Recommendation, ECF No. 17. Therefore, the Court GRANTS Cosenza's motion for summary judgment, ECF No. 10; DENIES the Commissioner's motion for summary affirmance, ECF No. 14; and REMANDS the case, pursuant to § 405(g)'s fourth sentence, to the Administration for further proceedings consistent with the Report and Recommendation. In particular, the ALJ must (1) engage in separate inquiries into medical and functional equivalences in step three, and (2) explain with specificity her interpretation of Exhibit 16F and how her interpretation of that document supports her conclusions should she again rely upon that evidence.

Entered July 24, 2015.

s/ Sara Darrow<br>
SARA DARROW<br>
UNITED STATES DISTRICT JUDGE