IN THE
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMIE COSENZA, on behalf of J.M.F., a minor,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security,<br>    Defendant. | Case No. 1:14-cv-01214-SLD-JEH |

**Report and Recommendation**

Now before the Court is the Defendant's, the Commissioner of Social Security, Motion to Strike Plaintiff's Motion for Summary Judgment. (Doc. 29). This matter was referred for a Report and Recommendation on August 25, 2016. The Motion is fully briefed, and for the reasons stated herein, the Court recommends that the Motion be granted.

I

Plaintiff Jamie Cosenza filed for supplemental security income on her son's behalf in 2011, which was denied, and Plaintiff properly filed in federal court, seeking judicial review. (Doc. 1). Despite being advised of her right to counsel, Plaintiff represented herself and her son, the claimant in this matter. On June 22, 2015, the Magistrate Judge entered a Report and Recommendation (Doc. 17) which recommended the Plaintiff's Motion for Summary Judgment be granted and the matter remanded to the administrative law judge (ALJ). In the recommendation, the Court found that the ALJ erred by conflating her analysis of whether the

1

Claimant medically equaled or functionally equaled Listing 112.02 (organic mental disorders), and the findings were unclear in light of the entire record. Neither the Commissioner nor Cosenza objected to the recommendation. Consequently, the District Court Judge adopted the Report and Recommendation on July 24, 2015 (Doc. 18), remanding the case to the Social Security Administration (SSA) with the following instructions for the ALJ:

(1) Engage in separate inquiries into medical and functional equivalences in step three; and
(2) Explain with specificity her interpretation of Exhibit 16F and how her interpretation of that document supports her conclusions should she again rely upon that evidence.

Following this Order, ALJ Shreese M. Wilson held a hearing on March 30, 2016. On June 23, 2016, Plaintiff filed a Motion to hold the Commissioner in Contempt for Not Following the Court Ordered Remand (Doc. 20). The ALJ issued an unfavorable decision on July 13, 2016. (Doc. 24-1, p. 1, 44). Plaintiff then filed a Motion for Summary Judgment (Doc. 23) on August 1, 2016. Plaintiff claims she has filed an appeal with the Administration's Appeals Council, sent via mail on August 5, 2016. (Doc. 23, p.1; Doc. 27, p. 40-41). The Commissioner filed a Response and a subsequent Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 29). Plaintiff filed a Motion to Deny Defendants' Motion to Strike on September 12, 2016. (Doc. 30).

## II

The Plaintiff argues that the Appeals Council failed to comply with the Court's remand instructions and improperly instructed the ALJ to add new evidence and complete the Claimant's record. (Doc. 24, p. 4; Doc. 27, p. 31, 34). She contends that the Court, not the Appeals Council, should determine whether the

instructions on remand were followed. (Doc. 27, p. 5). The Commissioner argues that the Court does not have jurisdiction to review the decision of the ALJ because the Plaintiff has failed to exhaust her administrative remedies. Therefore, the Commissioner argues that the Court should strike the Plaintiff's Motion for Summary Judgment.

The federal district courts are limited in their ability to review the SSA's denial or termination of benefits. 42 U.S.C. § 45(g). A plaintiff must obtain a final decision before seeking judicial review of his or her claim. *Id*. After a claim is presented to the agency, the claimant must exhaust the administrative remedies prescribed by the agency. See *Bowen v. City of New York*, 476 U.S. 467, 482-83 (1986).

The SSA regulations provide:

(a) General. In accordance with § 416.1483, when a case is remanded by a Federal court for further consideration, **the decision of the administrative law judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case.** The Appeals Council may assume jurisdiction based on written exceptions to the decision of the administrative law judge which you file with the Appeals Council or based on its authority pursuant to paragraph (c) of this section. If the Appeals Council assumes jurisdiction of your case, any issues relating to your claim may be considered by the Appeals Council whether or not they were raised in the administrative proceedings leading to the final decision in your case or subsequently considered by the administrative law judge in the administrative proceedings following the court's remand order. **The Appeals Council will either make a new, independent decision based on the preponderance of the evidence in the record that will be the final decision of the Commissioner after remand, or it will remand the case to an administrative law judge for further proceedings.**

20 C.F.R. § 416.1484 (emphasis added). Under the regulations, a claimant who disagrees with the decision of an ALJ may file an exception to the decision

with the Appeals Council within 30 days of the date the claimant receives the decision. 20 C.F.R. § 416.1484(b). If the Appeals Council considers the decision and determines that no change is warranted, the decision of the ALJ is the final decision of the Commissioner after remand. § 416.1484(b)(2). The Appeals Council may also assume jurisdiction and "will make a new, independent decision based on the preponderance of the evidence in the entire record affirming, modifying, or reversing the decision of the administrative law judge, or it will remand the case to an administrative law judge for further proceedings, including a new decision." § 416.1484(b)(3). The new decision is the final decision of the Commissioner after remand. *Id*. The Appeals Council may assume jurisdiction within a 60 day time period after the date of the decision of the ALJ without written exceptions. § 416.1484(c). If there are no exceptions and the Appeals Council does not assume jurisdiction, the ALJ's decision becomes the final decision of the Commissioner after remand. § 416.1484(d).

## A

The Court does not have jurisdiction to review the ALJ's Determination. In the instant case, the Plaintiff sent objections or notice of appeal to the Appeals Council in August 2016 (Doc. 23, p. 6-7; Doc. 27, p. 38). Cosenza sent the documents within the 30 day window from the ALJ's Decision, which was dated July 13, 2016. The Council will provide Plaintiff notice of its decision. Plaintiff, however, filed a reply[1] without including any documentation from the Appeals Council. Without notice of an affirmance or new decision by the Appeals Council, there is no final decision on remand that is subject to this Court's judicial review.

---

[1] Plaintiff's reply to Defendant's Motion, titled Motion to Deny the Defendants' Motion to Strike (Doc. 30), is construed as a reply to the Motion to Strike (Doc. 29), was filed without leave of the Court.

There are two possible courses of action the Appeals Council can take. If the Appeals Council accepts Plaintiff's motions and notice of appeal as exceptions under the regulations, and concludes that the Decision of the ALJ should be the final decision:

> . . . it will issue a notice to you addressing your exceptions and explaining why no change in the decision of the administrative law judge is warranted. In this instance, the decision of the administrative law judge is the final decision of the Commissioner after remand.

20 C.F.R. § 416.1484(b)(2). The Court reminds the Plaintiff that when written exceptions are filed, the Appeals Council "may assume jurisdiction at any time, even after the 60–day time period which applies when you do not file exceptions." § 416.1484(b)(3). Thus, the 60 day time period does not apply if the Appeals Council construed the Plaintiff's mailed objections as proper exceptions under the regulations. After exceptions are filed, the Appeals Council may also issue:

> . . . a new, independent decision based on the preponderance of the evidence in the entire record affirming, modifying, or reversing the decision of the administrative law judge, or it will remand the case to an administrative law judge for further proceedings, including a new decision.

However, because there is no final decision here, as the Council has neither affirmed the ALJ nor issued a new decision, there is nothing for the Court to review.

Alternatively, if the exceptions were insufficient in this case, the Appeals Council could exercise its discretion to assume jurisdiction without filed exceptions, and:

> . . . it will make a new, independent decision based on the preponderance of the evidence in the entire record affirming, modifying, or reversing the decision of the administrative law judge, or it will remand the case to an administrative law judge for further proceedings, including a new decision. The new decision of the

Appeals Council is the final decision of the Commissioner after remand.

§ 416.1484 (b)(3). Because the 60 day time period has passed, it is unlikely that the Appeals Council assumed jurisdiction without filed exceptions. In that instance, there would still be notice of the Appeals Council's final decision provided to the Plaintiff.[2]

The Court has not received notice of the action taken by the Appeals Council. Cosenza has not shown that she has exhausted her administrative remedies, and there is no final decision subject to this Court's judicial review. Accordingly, the Court does not have jurisdiction to hear the case.

## B

As a separate matter, this Court has remanded the case on a sentence-four remand order. (Doc. 17, 18). Thus, the civil action is terminated. *Shalala v. Schaefer*, 509 U.S. 292, 296-97 (1993). In such cases, the district court's remand is a final order, and a plaintiff must file a new complaint in order to challenge the new decision on remand. *Richmond v. Chater*, 94 F.3d 263, 269-70 (7th Cir. 1996). If Cosenza is inclined to appeal a final decision when she receives one, she must file a new complaint on a final decision of the ALJ or Appeal's Council.

## III

For the reasons set forth above, the Court recommends that Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. 29) be granted. Accordingly, the Court recommends that the District Court strike the Plaintiff's Motion for Summary Judgment (Doc. 23).

---

[2] See *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014) ("When the Appeals Council denies review as it did in this case, the ALJ's decision constitutes the final decision of the Commissioner.").

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) days after service of this Report and Recommendation.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1).  Failure to object will constitute a waiver of objections on appeal. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

*It is so recommended.*

Entered on September 14, 2016.

s/Jonathan E. Hawley
U.S. MAGISTRATE JUDGE