UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JAMIE COSENZA, on behalf of J.M.F., a minor,<br><br>        Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security<br><br>        Defendant. | Case No. 1:14-cv-01214-SLD-JEH |

ORDER

Before the Court are Plaintiff Jamie Cosenza's Motion to Hold the Commissioner in Contempt, ECF No. 20; Plaintiff's Motion for Summary Judgment, ECF No. 23; Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment, ECF No. 29; and Plaintiff's Motion to Deny the Defendant's Motion to Strike, ECF No. 30.[1]  On September 14, 2016, Magistrate Judge Hawley filed a Report and Recommendation recommending that the motion to strike be granted, and the motion for summary judgment stricken.  Sep. 14, 2016 Report and Recommendation, ECF No. 31.  On September 26, 2016, Cosenza filed an Objection to the Report and Recommendation ("Obj."), ECF No. 32.  For the reasons that follow, the Report and Recommendation is ADOPTED.  Defendant's Motion to Strike is GRANTED and the motion for summary judgment STRICKEN.  Cosenza's Motion to Hold the Commissioner in Contempt is DENIED.

---

[1] Plaintiff's reply to Defendant's Motion, titled Motion to Deny the Defendant's Motion to Strike, ECF No. 30, is construed as a reply to the Motion to Strike, ECF No. 29. It was filed without leave of the Court, in violation of Local Rule 7.1(B)(3), and therefore will not be considered in this Order. CDIL-LR 7.1(B)(3).

1

## BACKGROUND

Cosenza, on behalf of her minor son ("Claimant"), initiated a claim with the Social Security Administration for supplemental social security income in 2011. After the claim was denied by both an administrative law judge ("ALJ") and the Appeals Council, Cosenza filed suit in District Court on June 4, 2014, seeking judicial review of that final decision. Compl. 1–2, ECF No. 1. The District Court, adopting Judge Hawley's Report and Recommendation, remanded the case to the Social Security Administration ("SSA") and instructed the ALJ to re-examine the record and clarify certain findings and conclusions. July 24, 2015 Order 4–5, ECF No. 18. The Social Security Administration's Appeals Council provided notice to Cosenza that the case was remanded, and issued a remand order directing the ALJ to "take any further action needed" to decide the case. *See* Not. Remand, ECF No. 20 at 24; Nov. 4, 2015 Appeals Council Order, ECF No. 20 at 24. The ALJ held a hearing on March 30, 2016, and issued a decision unfavorable to Claimant on July 13, 2016. Jul. 13, 2016 SSA Decision, ECF No. 24-1.

Though the federal court case had closed on August 11, 2015, Cosenza filed a motion in the District Court on June 23, 2016 to hold the SSA Commissioner in contempt of court, arguing that the SSA purposefully failed to follow the District Court's remand order. Contempt Mot. ECF No. 20. Cosenza also filed a Motion for Summary Judgment on August 1, 2016. The motion states that Cosenza had appealed Claimant's case to the Appeals Council "to preserve the right to bring suit in District Court." Mot. Summ. J. 1, 6. The SSA moved to strike the motion for summary judgment, arguing that the Court did not have jurisdiction over the action because Cosenza (1) had not exhausted administrative remedies on Claimant's behalf, (2) had not received a final decision subject to judicial review, and, in any case, (3) would need to file a new civil action to do so. Mot. Strike Mot. Summ. J. 1. Magistrate Judge Hawley's Report and Recommendation, issued in response to the SSA's motion, found that the District Court did not

have jurisdiction to review the ALJ's decision. Sep. 14, 2016 Report and Recommendation 4. Cosenza then timely filed an Objection to the Report and Recommendation, ECF No. 32, on September 26, 2016, which the Court considers below.

## ANALYSIS

I. **Administrative Exhaustion of Social Security Claim**
   a. **Legal Standard**

When a magistrate judge makes a written Report and Recommendation in a social security matter, the district court reviews de novo any portion of his findings to which written objections have been made. *See* Fed. R. Civ. P. 72(b) (requiring the district court judge, for dispositive matters, to "determine de novo any part of the magistrate judge's disposition that has been properly objected to"). "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.* Unobjected portions of the record are reviewed only for clear error. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

   b. **Analysis**

Judicial review in federal court of determinations made by the Commissioner of Social Security is "limited." *Griffith v. Callahan*, 138 F.3d 1150, 1152 (7th Cir. 1998), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999)). The scope of judicial review in social security cases, pursuant to 42 U.S.C. § 405, extends only to those decisions in which the Commissioner has reached a final decision, 42 U.S.C. § 405(g), and the findings of the agency are upheld if supported by substantial evidence. *Griffith*, 138 F.3d at 1152.

After careful analysis of the relevant Social Security regulations and the record in this case, the Court finds that Judge Hawley correctly concluded that the Court lacks jurisdiction. In her Objections to the Report and Recommendation, Cosenza argues on Claimant's behalf that the SSA abused its discretion by not complying with the remand order issued by the District Court,

and that the SSA has otherwise failed to "follow laws and administrative rules." Obj. 3. She further argues that due to the agency's alleged noncompliance, the failure to exhaust administrative remedies is not fatal to the District Court's consideration of her claim. *Id*. 12. These arguments fail.

First, Cosenza indicated to the Court that she filed exceptions for the Appeals Council to consider. The Magistrate Judge correctly concluded that appeals process, laid out in 20 C.F.R. § 416.1484, had not yet yielded a final decision for the Court to review, and that, regardless, the case was terminated when the District Court remanded the case. *Shalala v. Schaefer*, 509 U.S. 292, 296–97 (1993); *Richmond v. Chater*, 94 F.3d 263, 269–70 (7th Cir. 1996). The Court has received no formal notice from Cosenza or the Appeals Council indicating that the Council has assumed jurisdiction, upheld the ALJ's second decision, or taken action of any kind regarding her filed exceptions. *See* § 416.1484(b)–(c). Further, § 405(g) clearly states that a federal court's decision to remand is a final judgment. § 405(g). *See also Shalala*, 509 U.S. at 297–98 (holding that a sentence-four remand "fits squarely" into the definition of "final judgment").

Additionally, the ALJ's decision on remand was delayed, and it was adverse to Claimant; however, Cosenza uses those facts to insinuate that the decision was riddled with legal error and noncompliant with procedural rules. Obj. 14–16. In its review of the record, the Court finds no such indication of clear error. *Johnson*, 170 F.3d at 739.

The Court's review of the Report and Recommendation, and of the record in this matter, leads it to conclude that the Magistrate Judge was correct in his conclusion that Cosenza's Motion for Summary Judgment should be stricken because of the Court's lack of jurisdiction. Without any further indication that the Appeals Council has reached a final decision, the District Court cannot act.

**II. Motion to Hold SSA Commissioner in Contempt**

Cosenza argues that the Commissioner of Social Security should be held in contempt of court because of (1) what Cosenza perceived as an inappropriate delay in the ALJ's issuance of a new opinion and (2) the ALJ's request for new evidence. Contempt Mot. 1, 5. A finding of contempt comes after the complaining party has demonstrated by clear and convincing evidence that the accused has "violated the express and unequivocal command of a court order." *D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 460 (7th Cir. 1993); *see also Mason v. South Bend Comm. School Corp.*, 990 F. Supp. 1096 (N.D. Ind. 1997) (finding no clear and convincing evidence that the SSA was in contempt when it withheld production of certain documents, in violation of a court order, since they were protected by valid privacy regulations).

The Court's Remand Order contained no time frame by which the decision needed to be made; the only specific instructions it provided were in regard to the method of analysis used by the ALJ. *See* Jul. 24, 2015 Order. Further, the Appeals Council was operating well within its authority when it directed the ALJ to "take any further action needed to complete the administrative record and issue a new decision," a directive which the ALJ could reasonably have interpreted to require the gathering of more evidence. *See* 20 C.F.R. § 416.1477. The ALJ issued a lengthy and detailed opinion shortly after the contempt motion was filed, indicating its intent to adhere to the district court's remand order and relying on the previously developed record. Jul. 13, 2016 SSA Decision 1. Cosenza has not provided clear and convincing evidence that the Court should hold the Commissioner in contempt of court for failure to follow the remand order.

For the reasons stated herein, this Court adopts the Magistrate Judge's Report and Recommendation. The Report and Recommendation of the Magistrate Judge, ECF No. 31, is

ADOPTED.  Cosenza's Motion to Hold the Commissioner in Contempt for not following Court Ordered Remand and/or for a Decision, ECF No. 20, is DENIED.

## CONCLUSION

The Court ADOPTS the Magistrate Judge's Report and Recommendation, ECF No. 31. Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment is GRANTED. The Clerk is directed to STRIKE Plaintiff's Motion for Summary Judgment, ECF No. 23. The Motion to Hold the Commissioner in Contempt is DENIED.

Entered December 19, 2016.

                                                s/ Sara Darrow
                                                SARA DARROW
                                      UNITED STATES DISTRICT JUDGE